IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF FLORIDA

CASE NO:

VANESSA BARRON

Plaintiff,

v.

GIUGLIANA PESSAGNO;
3600 SW 185 AVE, LLC and
UNITED REALTY GROUP, INC.

Defendants.

_____/

## COMPLAINT

Plaintiff, VANESSA BARRON, by and through her undersigned counsel, and sues the Defendants, GIUGLIANA PESSAGNO, UNITED REALTY GROUP and 3600 SW 185 AVE, LLC, and states the following:

### JURISDICTIONAL ALLEGATIONS

1. The Court has original jurisdiction over the action pursuant to 42 U.S.C. § 3604, because this lawsuit was brought under the Fair Housing Act, 42 U.S.C. § 3601 et seq.

2. Venue is proper in the Southern District of Florida, Broward Division, under 28 U.S.C. §1391(b) because the claim arose in this judicial district.

3. Plaintiff VANESSA BARRON is a resident of Hialeah, Florida and is otherwise *sui juris*.

4. Plaintiff VANESSA BARRON was at all times material, and continues to be an aggrieved person, as defined by 42 U.S.C. § 3062.

5. In addition, Plaintiff VANESSA BARRON is a Black female with a successful occupation while maintaining a great credit score and unblemished rental history.

6. The Defendant, 3600 SW 185 AVE, LLC, (hereinafter "3600 SW" or "185TH AVE") is a person and a Florida Limited Liability Company, licensed to and doing business in the state of Florida.

7. The Defendant, UNITED REALTY GROUP, INC, (hereinafter "UNITED" or "REALTY GROUP") is a person and Florida for profit Corporation, licensed to and doing business in the state of Florida. UNITED employees Defendant GIUGLIANA PESSAGNO as an real estate agent. UNITED was the listing brokerage for the subject property.

8. The Defendant, GIUGLIANA PESSAGNO (hereinafter "PESSAGNO"), is a person under 42 U.S.C. § 3202 and is the Manager of the single member LLC, 3600 SW 185 AVE, LLC. GIUGLIANA PESSAGNO was in a position to, and did, discriminate against Plaintiff, and otherwise is a resident of Florida and is *sui juris*.

9. 3600 SW 185 AVE, LLC is operated by Defendant Manager, GIUGLIANA PESSAGNO, who also acts as listing agent.

10. Defendants GIUGLIANA PESSAGNO and 3600 SW 185 AVE, LLC were personally involved in each and every discriminatory act mentioned *infra* during their tenure as manager, owner. As such, each reference to 3600 SW 185 AVE, LLC includes the Defendant.

11. Manager Defendant GIUGLIANA PESSAGNO, personally implemented and enforced the discriminatory denial of housing to the Plaintiff VANESSA BARRON with actual knowledge or with reckless disregard of the illegality of such acts. As such, each reference to GIUGLIANA PESSAGNO similarly includes 3600 SW 185 AVE, LLC.

12. Unless otherwise specified, all acts hereunder of 3600 SW were specifically ratified and authorized by GIUGLIANA PESSAGNO.

## GENERAL ALLEGATIONS

13. Defendant GIUGLIANA PESSAGNO manages and operates a company, 3600 SW185 AVE, LLC, which owns the physical house located at 3600 SW 185 AVE, Miramar, Florida 33029.

14. On or about September 2021, Plaintiff VANESSA BARRON, through her agent, inquired about the availability of the house located at 3600 SW 185 AVE, Miramar, Florida 33029. Exhibit A

15. Defendant GIUGLIANA PESSAGNO noted that a background and credit history would be required but stated that she did not what if any minimum credit score would be required.

16. After initial contact, Plaintiff, through her agent, arranged for a walkthrough of the subject property/home. Defendant GIUGLIANA PESSAGNO facilitated the walk through but was not present when it occurred.

17. Plaintiff Vanessa Barron, through her agent, informed Defendant of her desire make an offer and sent over all documents Defendant asked for including application, rent reports, and pay stubs indicating she could easily afford the rent. Exhibit B

18. Defendant GIUGLIANA PESSAGNO also asked for a photo identification of Plaintiff although there was no clear reason or necessity for it.

19. It was only after receiving Plaintiff VANESSA BARRON's photo identification and credit score that Defendant GIUGLIANA PESSAGNO refused to move forward with the deal and stopped answering calls from Plaintiff's agent.

20. Defendant GIUGLIANA PESSAGNO claims there were problems with the credit as her reason for no longer moving forward, however, Plaintiff has a high credit score by most

standards and possesses no significant delinquent history in her financial or personal background.

EXHIBIT C

21. In addition to having a 700 plus credit score, Plaintiff provided bank statements and pay stubs indicating she each paycheck she receives is more than enough to pay rent while maintaining a bank account with sufficient funds to pay two years of rent.

22. Plaintiff offered to pay a higher amount for rent but Defendant GIUGLIANA PESSAGNO was unwilling to negotiate or discuss the situation aside from mentioning that if Plaintiff would agree to pay a full year of rent upfront she would see what the "owner" will say even though GIUGLIANA PESSAGNO was the Manager of the single member LLC that owned the property. For all intents and purposes, GIUGLIANA PESSAGNO was the "owner".

23. It was evident that Defendant's sole issue was with Plaintiff VANESSA BARRON race and color which she saw when she asked to see a photo identification for no real reason.

24. As a result of this discrimination and unreasonable refusal to rent, VANESSA BARRON has become fearful that no matter how good her finances are she will still suffer unlawful housing discrimination.

25. As a result of this discriminatory housing practice, Plaintiff has actual damages, psychological distress, mental anguish, grievous emotional distress, worry, frustration, and humiliation, loss of capacity for the enjoyment of life. These losses are either permanent or continuing in nature and Plaintiffs will suffer these losses in the future.

26. As a Licensed Agent, GIUGLIANA PESSAGNO, should have been trained as part of her position to understand the provisions of the Fair Housing Act.

27. VANESSA BARRON retained the Law Offices of J. Courtney Cunnigham, PLLC and has agreed to pay a reasonable fee for the services rendered herein.

### COUNT I – REFUSAL TO RENT OR NEGOTIATE FOR THE RENTAL OF A DWELLING AFTER THE MAKING OF A BONA FIDE OFFER
**(42 U.S.C. § 3604(a), § 760.23(1), Fla. Stat.)**

28. Plaintiff repeat and reallege the allegations contained in paragraphs 1 through 26 above as though set forth herein.

29. It is unlawful discrimination to refuse to rent, or the negotiate the rent, with a person for a dwelling after the making of a bona fide offer, based solely on their race or color.

30. Defendants' 3600 SW185 AVE, LLC and GIUGLIANA PESSAGNO refusal to rent a house to Plaintiff VANESSA BARRON after seeing her photo identification, even though she has excellent credit and is more than capable of affording the rent is discriminatory and unlawful.

31. Such actions by Defendant GIUGLIANA PESSAGNO and 3600 SW185 AVE, LLC were in total and reckless disregard of Plaintiff VANESSA BARRON's rights.

32. As a result of this discrimination, Plaintiff has actual damages, psychological distress, mental anguish, grievous emotional distress, worry, frustration, and humiliation, loss of capacity for the enjoyment of life. These losses are either permanent or continuing and Plaintiff will suffer these losses in the future.

### COUNT II– DISCRIMINATION IN THE TERMS, CONDITIONS, OR PRIVILEGES OF THE PROVISION OF SERVICES OR FACILITIES IN CONNECTION WITH A DWELLING
**(42 U.S.C. § 3604(b); §760.23(2), Fla. Stat)**

33. Plaintiff repeat and reallege the allegations contained in paragraphs 1 through 26 above as though fully set forth herein.

34. After their initial unlawful housing practice, Defendants GIUGLIANA PESSAGNO and 3600 SW185 AVE, LLC compounded the discrimination by amending the terms of the rental offer, to requiring a year of rent upfront to continue negotiations with VANESSA

BARRON. As a result, Plaintiff was denied the privilege of obtaining a new rental dwelling that she was qualified to rent.

35. Further, Defendant GIUGLIANA PESSAGNO's unlawful changes to the terms of the rental offer to VANESSA BARRON, that were only made after Defendant saw a photo identification of Plaintiff, constitutes discrimination in the terms, conditions, or privileges to obtain a rental dwelling by requiring Plaintiff to make a upfront payment of a year of rental payments in excess of what was required of any other person, and was solely due to her race or color.

36. Such actions by Defendants were indifferent and in reckless disregard of Plaintiff's person and property rights.

37. Further, as a direct and proximate result of Defendants' unreasonable changes to the terms of the rental offer and refusal to rent, Plaintiff has actual damages, psychological distress, mental anguish, grievous emotional distress, worry, frustration, and humiliation, loss of capacity for the enjoyment of life. These losses are either permanent or continuing and Plaintiff will suffer these losses in the future.

### COUNT III– MAKING OR CAUSING TO BE MADE A NOTICE OR STATEMENT WITH RESPECT TO THE RENTAL OF A DWELLING THAT INDICATES OR HAS THE INTENTION TO INDICATE PREFERENCE, LIMITATION, AND DISCRIMINATION BASED ON RACE AND COLOR
(42 U.S.C. § 3604(c); §760.23(3), Fla. Stat.)

38. Plaintiff repeats and realleges the allegations contained in paragraphs 1 through 26 above as though fully set forth herein.

39. At all times relevant hereto, GIUGLIANA PRESSAGNO was in the employee of UNITED.

40. At all time relevant hereto, UNITED was the listing broker for the subject property.

41. While acting in the scope of her employment with UNITED and after seeing Plaintiff's identification, GIUGLIANA PESSAGNO wrote a discriminatory notice and statement that r Plaintiff would have to pay a year of rent upfront just to negotiate to rent, VANESSA BARRON was injured and offended by the statement due to its clear indication of a racial preference against Black renters.

42. Because VANESSA BARRON has shown she has a good credit score, more than two years of rent in her bank, and makes more than enough to cover rent every paycheck, she interpreted the statement as an indication of preference against Black renters by GIUGLIANA PESSAGNO, UNITED and 3600 SW 185 AVE, LLC.

43. The defendants' making a statement or providing a notice of changes to the terms of the lease agreement to a bona fide offers from an otherwise qualified renter based on their race or color violates the rights of the plaintiffs under the Fair Housing Act of 1968 and as amended in 1988, 42 U.S.C. §3604(c), and the federal regulations at 24 C.F.R. Part 109.

## COUNT IV—VIOLATION OF THE CIVIL RIGHTS ACT OF 1866, 42 U.S.C. §§ 1981 and 1982

44. Plaintiff repeats and realleges the allegations contained in paragraphs 1 through 26 above as though fully set forth herein.

45. The facts set forth above constitute violations of 42 U.S.C. §§ 1981 and 1982 in that Plaintiff was denied the right to make and enforce contracts and to lease real property because Plaintiff is Black.

**WHEREFORE,** Plaintiff VANESSA BARRON demands judgment against Defendants, GIUGLIANA PESSAGNO, UNITED and 3600 SW 185 AVE, LLC, to ensure that discrimination in violation of the Fair Housing Acts do not occur in the future and to enjoin Defendants from

discriminating against Plaintiff, and preventing discrimination to other persons based upon race or color in the future as follows:

    a.    That the Court declare that the actions of the Defendants violated the Fair Housing Amendments Act by discriminating against persons based on their color or race;

    b.    That the Court enjoin Defendants from discriminating against Plaintiff or any other person, because of because of their race or color and order the Defendants to rent the property to qualified persons or remove the offer;

    c.    That the Court enjoin Defendant GIUGLIANA PESSAGNO to establish objective policies and procedures to ensure there is no further discrimination based on race or color;

    d.    That the Court enjoin Defendant 3600 SW 185 AVE, LLC to ensure that each and every residential property managed by Defendant 3600 SW 185 AVE., LLC to ensure that objective policies and procedures are available and enforced to prevent further discrimination;

    e.    An award of appropriate compensatory and punitive damages to Plaintiff VANESSA BARRON, against Defendants to compensate Plaintiff for her actual damages and for the humiliation, embarrassment and emotional distress cause by the Defendants' discriminatory actions;

    f.    That the Court declare that the Defendants' acts were willful and wanton and in reckless disregard of the Plaintiff's civil rights under law;

    g.    Order Defendant 3600 SW to provide notices to all residents of all properties in which they manage of rights under the Fair Housing Act;

    h.    Order that the Defendants instruct all of its employees, agents, independent contractors and/or other persons who deal with the rental or management of any and all housing currently managed and/or controlled by Defendants, of the terms of the Court's Order and the Fair Housing Act, Fair Housing Act and implementing regulations;

      i.      Order that the Defendants shall maintain for inspection by Plaintiff and all other tenants at its properties, copies of the Fair Housing Act, Fair Housing Amendments Act and implementing regulations;

      j.      Find that Plaintiff is entitled to an award of attorneys' fees and costs, and reserve ruling as to the amounts and the applicable multiplier until the conclusion of the trial on this matter;

      k.      And grant any other such relief as this Court deems just and equitable.

**THE PLAINTIFFS DEMAND A JURY TRIAL FOR ALL SUCH ISSUES SO TRIABLE IN THIS MATTER.**

Plaintiffs demand a jury trial for all issues so triable.

Dated this 8th day of November 2021.

                                        Respectfully submitted,

                                        */s/ J. Courtney Cunningham*
                                        J. Courtney Cunningham, Esq.
                                        J. COURTNEY CUNNINGHAM, PLLC
                                        FBN: 628166
                                        8950 SW 74th Court, Suite 2201
                                        Miami, FL 33156
                                        T:  305-351-2014
                                        cc@cunninghampllc.com